836 F.2d 1343
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Helmut Heinz WIECZOREK, a/k/a Heinz Winter, Defendant-Appellant.
 No. 87-5548.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 19, 1987.
Decided Jan. 7, 1988.
 
 Fred Warren Bennett, Federal Public Defender, Stephen Jon Cribari, Deputy Federal Public Defender, on brief, for appellant.
 Vinton D. Lide, United States Attorney, Eric William Ruschky, Assistant U.S. Attorney, on brief, for appellee.
 Before DONALD RUSSELL, MURNAGHAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Helmut H. Wieczorek, a West German citizen, was convicted of entering into commerce an imported car by means of false statements, in violation of 18 U.S.C. Secs. 2 and 542. He received three years of probation with the special condition that he consent to deportation. Wieczorek noted this appeal. A week later he was deported.
 
 
 2
 We have independently reviewed the record and all pertinent papers. We have found no nonfrivolous grounds for this appeal. Both the district court and the plea agreement itself alerted Wieczorek to the possibility of collateral immigration consequences to his guilty plea. These consequences would remain even if Wieczorek were allowed to change his guilty plea to a plea of nolo contendere. He still would be excludable on the ground that he once fraudulently procured documents to enter the United States. He also would have to answer for the actions leading to the nolo contendere plea, which he has not repudiated.
 
 
 3
 In the case of an unsuccessful appellant represented by appointed counsel, the responsibilities of the attorney are set forth in the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. Sec. 3006A. These responsibilities include informing his client in writing of his right to petition the Supreme Court for a writ of certiorari. If requested by his client to do so, counsel should prepare a timely petition for the writ and take the steps necessary to protect the rights of his client.
 
 
 4
 Because the record discloses no reversible error we dispense with oral argument and affirm the conviction.
 
 
 5
 AFFIRMED.